IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-44 |
| | § | |
| $32,381.00 IN UNITED STATES CURRENCY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. §636(b)(1); E. D. TEX. LOCAL R. CV-72. Pending before the court is Plaintiff's Motion for Default Judgment. (Doc. #8.) After review, the undersigned recommends granting the motion.

**I.    Background**

On January 31, 2023, Plaintiff, the United States of America ("Government") filed a verified complaint for civil forfeiture of the following defendant property seized from Artisha Gabriella Dimetrika Martin ("Martin") on July 31, 2022: $32,381 in United States currency. (Doc. #1.) According to the complaint, during a traffic stop conducted by the Beaumont Police Department ("BPD") on July 31, 2022, Martin provided BPD a fictitious State of New Jersey driver's license that depicted a photograph of Martin and the name "Rikkita Jones." (Doc. #1 at ¶11.) BPD also observed raw marijuana and bulk United States currency in plain sight near the front passenger area of the Toyota Camry. (Doc. #1 at ¶12.) BPD conducted a probable cause

search of the Toyota Camry. As a result of the search, BPD seized $32,381.00 in bulk cash that is the subject of this civil forfeiture complaint. (*Id.*) BPD also seized a total of 38 money orders valued at $22,500.00, financial records and bank cards issued to 27 other people who were not present during the traffic encounter, four laptop computers, and eleven cellular telephones. (*Id.*) BPD also discovered and seized Martin's state of Louisiana identification card that depicted a photograph of Martin and her true and correct biographical information, Martin's business records, Martin's Bank of America financial records, and a ledger that contained numerous names, addresses, and bank account information for other individuals. (*Id.*)

On August 1, 2022, BPD interviewed Martin. (Doc. #1 at ¶13.) When pressed by BPD about the source of the bulk cash, Martin made inconsistent statements for the source of the funds. (Doc. #1 at ¶15.) For example, she said that $16,000 of the bulk cash came from her 2021 tax refund of $23,000. (*Id.*) In other parts of the interview, Martin stated she had only made $50,000 in 2021. A tax refund of $23,000 would have been 46% of her entire self-reported 2021 income. (*Id.*) Martin also claimed that she was in possession of others' bank cards because her clientele had purportedly allowed, her company, Generational Wealth Empire Development, LLC, to charge fees associated with tax preparation consultation services and tax filings. (Doc. #1 at ¶16.) Following the interview, BPD arrested Martin for felony identity theft under Texas law. (*Id.*) BPD obtained search warrants for all four of Martin's cellular telephones and extracted that data through a certified forensic examiner. (*Id.*)

Post-arrest investigation revealed that in 2021, Martin orchestrated an elaborate scheme to defraud the United States by making false entries on IRS financial records, providing inflated and false business revenue data, creating fraudulent bank statements for legitimate Federal Deposit Insurance Corporation financial accounts, and creating sham businesses and sole proprietorships

to facilitate the processing and funding of fraudulent Paycheck Protection Program ("PPP") loan applications. (Doc. #1 at ¶¶21-23.) The investigation revealed that through Martin's efforts and those of others, the criminal network fraudulently procured approximately $3.2 million dollars in PPP loan funding between February 2021 and June 2021. (*Id.*) Additionally, the investigation revealed that between May 2022 and August 2022, Martin used Generational Wealth Empire Development to promote a tax fraud scheme resulting in a criminal network that procured approximately $2.2 million dollars in tax refund funding. (Doc. #1 at ¶¶24-27.)

Accordingly, the complaint alleges that the property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 981(a)(1)(D) because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956, 1957, and 1960 and/or constitutes proceeds traceable to violations of 18 U.S.C. §§ 1028, 1031, 1341, 1343, 1344, 1952, 1956, 1957, and 1960.

An Order for Warrant of Arrest *in rem* was entered on February 1, 2023 (doc. #3), and the property was arrested pursuant to a Warrant of Arrest issued by the Clerk. (Doc. #4.) The Government sent a copy of the Complaint for Forfeiture and the Notice of Complaint for forfeiture to potential claimant Artisha Gabriella Martin to her last known address by regular and certified mail. (Doc. #6.) The process receipt does not reveal successful delivery of the certified mail to Martin. (Doc. #6-1.) Additionally, pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted a Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on February 8, 2023 and ending on March 9, 2023. (Doc. #5-1.)

The Government filed the pending Motion for Default Judgment (doc. #8) on April 25, 2023. The Government asserts that the potential claimant, Artisha Gabriella Martin, has failed to

3

plead or otherwise defend against this action as required by law. (Doc. #8 at ¶5.) Therefore, the Government requests that the court enter a judgment and forfeiture as to all claimants or potential claimants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## II.     Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b). The plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment. 50 U.S.C. § 3931(b)(1).[1]

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009). Rather, the court must determine: "(1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). After a default

---

[1] The undersigned finds that this statute does not apply in this case, as the statute addresses "defendants" rather than "claimants," and the undersigned is not aware of any cases holding that this statute applies to servicemembers who are potential claimants, rather than defendants.

judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

### III. Discussion

The court must address both the procedural and substantive standards to warrant the default judgment.

#### A. Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment. The owner of the property has not made an appearance. A court may enter a default judgment when a party has failed to plead or otherwise defend. FED. R. CIV. P. 55. Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted the Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on February 8, 2023. (Docs. #5-1, #8 at ¶ 4.) The Notice required any claimant to the property to file a claim with the court within sixty days from the first date of publication of the Notice, and to serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one days after the filing of the claim, as provided by Supplemental Rule of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (G)(5). In addition to notice by publication, the Government sent a copy of the Complaint for

5

Forfeiture and Notice of Complaint for Forfeiture by regular and certified mail to the potential claimant. (Doc. #8 at ¶4.) While the certified mail was not successfully delivered, the Government asserts that the notice was also sent by regular mail. (*Id.*)

### B. Substantive Standard

Default judgment is also substantively warranted here. The well-pleaded allegations in the complaint establish that the property constitutes proceeds that are traceable to violations of 18 U.S.C. §§ 1028, 1031, 1341, 1343, 1344, 1952, 1957 and 1960. (Doc. #1 at ¶¶10-36.) The property is thus subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981 (a)(1)(C) and 981(a)(1)(D). As a result, the Government's Motion for Default Judgment should be granted, and the court should enter a default judgment pursuant to Rule 55(b)(2).

## IV. Recommendation

For the foregoing reasons, the undersigned recommends **GRANTING** the Government's Motion for Default Judgment (doc. #8). The court should issue a default judgment, holding that Defendant $32,381.00 is forfeited to the United States with all right, title, or interest vesting in the United States. Any persons or entities that could claim any right, title, or interest in Defendant are divested of any right, title, or interest that they could claim.

## V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 2nd day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE